IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:13-CR-00011-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OKALE DANIELS,

    Defendant.

ORDER

This matter comes before the court on Defendant's pro se motion [DE 101]. Defendant alleges that he is indigent and requests a courtesy copy of his docket sheet. *Id.* For the following reasons, the motion is DENIED.

Pursuant to 28 U.S.C. § 1914(b), "the clerk shall collect from the parties such . . . fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). Courts are authorized to provide free copies of transcripts and court records to indigent litigants "upon a showing by the litigant of a particularized need for the documents." *United States v. Gallo*, 1988 WL 60934, at *1 (4th Cir. May 31, 1988). An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Defendant does identify a particularized need for the documents in the pending motion, but several weeks later, he filed a pro se motion for compassionate release. DE 102. One of the bases raised by Defendant in that motion is that a change in the law concerning crack cocaine offenses would lower Defendant's sentencing exposure if he were sentenced today. *Id.* at 5. While this argument plausibly implicates the information contained in the requested documents, on August

30, 2025, the court ordered the Federal Public Defender's Office to provide Defendant with counsel pursuant to Standing Order 19-SO-3. DE 106. Whomever is appointed to represent Defendant in this matter will be able to provide Defendant with a copy of his docket sheet. Because Defendant does not have a particularized need for a courtesy copy, his motion [DE 101] is DENIED.

SO ORDERED this 5th day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE