IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:13-CR-00011-M

UNITED STATES OF AMERICA,

      Plaintiff,

v.

OKALE DANIELS,

      Defendant.

ORDER

This matter comes before the court on Defendant's pro se Motion for Compassionate Release [DE 102]. For the following reasons, the motion is denied.

## I.    Background

On June 5, 2023, Defendant pled guilty pursuant to a written plea agreement to conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See* DE 24–25. This charge carried a 10-year mandatory minimum sentence. § 841(b)(1)(iii). At sentencing, United States District Judge Terrance W. Boyle calculated Defendant's guideline range to be 360 months to life based on a total offense level of 38 and a criminal history category of VI. *See* DE 43. Ultimately, pursuant to a downward departure, Judge Boyle sentenced Defendant to 240 months of imprisonment. DE 42. As of this writing, Defendant's projected release date is October 28, 2030. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 8, 2026).

For the third time since his sentencing hearing, Defendant moves for compassionate release. DE 102. Counsel was appointed pursuant to Standing Order 19-SO-3 "to determine

whether [he] may qualify for relief pursuant to the First Step Act of 2018, and if so, to assist [him] in obtaining such relief." DE 106. Edward Gray of the Federal Public Defender's Office was appointed, but shortly thereafter, he withdrew after notifying the court that he did "not intend to file anything further associated with [Defendant's] pro se motion for compassionate release." DE 108. In this posture, the motion is ripe for review.

## II.    Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of

2

circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)); *see also United States v. Johnson*, 143 F.4th 212, 216 (4th Cir. 2025) (noting that "there is no exhaustive list as to what may be considered extraordinary and compelling" and that a district court may consider any reason so long as it is "similar in gravity" to those outlined in § 1B1.13(b)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

### III. Discussion

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reasons exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

#### A. Administrative Exhaustion

Defendant does not provide evidence that he exhausted his administrative remedies; instead, he states that he "notified the Warden in [compliance with] the policy statement." DE 102

3

at 1. On its own, this is insufficient to demonstrate compliance, but "the statute's requirement that a defendant" exhaust all administrative remedies before filing a motion in the district court "is a non-jurisdictional claim-processing rule," meaning that "it may be waived or forfeited." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). The United States does not contest that Defendant exhausted his administrative remedies, so the court deems the argument forfeited and considers the merits of Defendant's motion.

B.      Extraordinary and Compelling Circumstances

In the present motion, Defendant asserts that two extraordinary and compelling circumstances exist and justify a sentence reduction. DE 102 at 2. The court addresses each in turn.

First, Defendant argues that his prostate cancer diagnosis is an extraordinary and compelling circumstance. *Id.* at 4. Several provisions of the Sentencing Guidelines outline how a defendant's medical circumstances should be considered on a motion for compassionate release. The guidelines in question counsel that extraordinary and compelling reasons exist when the defendant is suffering from a (1) "terminal illness," (2) "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover," or (3) "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)–(C).

Defendant has not demonstrated that the severity of his cancer diagnosis rises to the level of an extraordinary and compelling circumstance. In support of his motion, he attaches a "Health Services Clinical Encounter" report that indicates Defendant met with a provider on August 7,

2024, concerning his cancer diagnosis. *See* DE 102-1 at 1. The report states that Defendant and his physician discussed a "plan of care as outlined by oncology" and that the physician offered to refer him to a psychiatrist or chaplain if he desired. *Id.* The report is otherwise silent on Defendant's prognosis, and it does not indicate whether Defendant is experiencing any associated symptoms. *See generally id.* Defendant argues that the diagnosis is an extraordinary and compelling circumstance because "cancer [a]ffects everyone differently," and he has experienced "emotional[] distress[]" and increased blood pressure as a result. DE 102 at 10. A mere diagnosis, however, does not inherently constitute an extraordinary and compelling circumstance. *See United States v. Butler*, No. 1:00-CR-78-2, 2025 WL 815425, at *3 (M.D.N.C. Mar. 13, 2025) ("[T]o the extent Defendant may be arguing that his cancer diagnosis alone . . . warrant[s] a reduction, he has failed to show an extraordinary and compelling circumstance."); *United States v. Woodard*, No. 7:96-cr-109, 2024 WL 382445, at *4 (W.D. Va. Jan. 31, 2024) (finding that the severity of a defendant's prostate cancer diagnosis "d[id] not fall under the criteria set forth in the guidelines"). Defendant has not alleged that his diagnosis is terminal, that it has substantially diminished his ability to provide self-care, or that it requires specialized care that he is unable to receive in the BOP. He has not, therefore, demonstrated an extraordinary and compelling circumstance for a sentence reduction. *See* § 1B1.13(b)(1)(A)–(C).

Second, Defendant argues that the passage of the First Step Act of 2018 ("FSA") is an extraordinary and compelling circumstance because it would significantly lower his sentencing exposure. The applicable policy statement states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion

5

is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Except as provided for in subsection (b)(6), "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists[.]" § 1B1.13(c).

As a threshold matter, Defendant has served more than ten years of his sentence, and the court assumes without deciding that a 240-month sentence, under the present circumstances, is unusually long.[1] The court's analysis, therefore, focuses on whether Defendant has identified "a change in the law" and, if so, whether that change "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." *See* § 1B1.13(b)(6). "If Defendant fails to establish a change in the law *or* a gross disparity, his entire 'unusually long sentence' claim will fail." *United States v. Anderson*, No. 2:98-cr-143, 2025 WL 1644020, at *3 (E.D. Va. June 10, 2025).

Defendant has not demonstrated, however, that application of the FSA would produce such a "gross disparity." *See* § 1B1.13(b)(6). The FSA made "retroactive the provisions of the Fair Sentencing Act of 2010 . . . that reduced sentence disparities between cocaine and crack cocaine offenses." *United States v. Swain*, 49 F.4th 398, 399 (4th Cir. 2022). The Fair Sentencing Act had

---

[1] The Guidelines do not specify what makes a sentence unusually long, and "there is considerable uncertainty" among the district courts regarding how to make that determination. *United States v. Milton*, No. 5:95-cr-70074, 2025 WL 3171162, at *5 (W.D. Va. Nov. 13, 2025) (quotations omitted); *compare United States v. Howard*, No. ELH-13-0629, 2024 WL 112010, at *16 (D. Md. January 10, 2024) (finding that a 235-month sentence is unusually long because it is "significantly longer than the average of all sentences imposed nationwide in a given year"); *with United States v. Sanders*, No. 09-cr-40069-JPG, 2024 WL 3088556, at *2 (S.D. Ill. June 20, 2024) (finding that a 240-month sentence was not unusually long because it was not "abnormally longer than sentences for similar defendants"); *and United States v. Young*, No. 07-cr-00229-LKG, 2024 WL 4393235, at *3 (D. Md. Oct. 2, 2024) (assuming that a 444-month sentence is unusually long).

"increased the quantities of cocaine base required to trigger statutory mandatory minimum sentences." *United States v. McDonald*, 986 F.3d 402, 404 (4th Cir. 2021). As it pertains to this case, it "changed the drug weight threshold that triggers a mandatory statutory sentencing range of ten years to life from 50 grams to 280 grams." *Id.*; *see also* 21 U.S.C. § 841(b)(1)(A)(iii). At the time Defendant was sentenced, the Fair Sentencing Act was already in effect, so he was subject to the same law that exists today. And in any event, Defendant was criminally responsible for drug weight that far exceeds the threshold necessary to trigger the ten-year mandatory minimum. According to the Presentence Investigation Report ("PSR"), Defendant conspired to distribute and possess with the intent to distribute 33.67 kilograms of cocaine base and 698.6 grams of cocaine. DE 30 at ¶ 9. As recounted above, 280 grams of cocaine base is sufficient to trigger the mandatory minimum. *See* § 841(b)(1)(A)(iii). Defendant had more than 120 times that amount, so his sentencing exposure has not changed. Accordingly, Defendant has not demonstrated an extraordinary and compelling circumstance for a sentence reduction based on passage of the FSA.

> C.     Section 3553(a) Factors

Defendant failed to present extraordinary and compelling reasons for a reduced sentence, so he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if he had, the court would still decline to reduce his sentence after considering the factors set forth in §3553(a). *Id.* The nature and circumstances of the present offense are serious. Between 2000 and 2011, Defendant was involved in a drug trafficking conspiracy that involved kilograms of cocaine base. DE 30 at ¶ 8. The PSR indicates that Defendant would personally convert quantities of cocaine into cocaine base and then assist in drug sales. *See id.* On one occasion, Defendant and a co-conspirator sold a confidential informant a fully loaded .223 assault rifle, and on another occasion, he "provided security" during a drug sale. *Id.* This was not aberrant behavior. Defendant's conviction came

7

on the heels of a lengthy criminal history, which includes, among other things, four convictions for assault on a female, a conviction for indecent liberties with a child, and a conviction for felony possession of cocaine. *See id.* at ¶¶ 17, 20, 23, 26, 28–29. The imposed sentence—which was 120 months lower than the bottom of the guideline range—remains sufficient but not greater than necessary to reflect the seriousness of the offense, to provide deterrence to both Defendant and the community at large, and to protect the public from future crime of Defendant. *See* § 3553(a)(1)–(2).

## IV.    Conclusion

For these reasons, Defendant's Motion for Compassionate Release [DE 102] is DENIED.

SO ORDERED this ___12th___ day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8